## Case No. 15,419.

UNITED STATES v. HUGHES et al.

[21 Int. Rev. Rec. 76.]

District Court, S. D. New York. March, 1875.] [1]

CUSTOMS DUTIES—VIOLATION OF LAWS—RECOVERY OF PENALTIES—EVIDENCE—BOOKS AND PAPERS SEIZED.

In suits to recover penalties under the customs laws, evidence obtained from the books and papers taken from the defendant under a warrant of seizure is not competent, such evidence being excluded under section 860 of the Revised Statutes of the United States, which is a re-enactment in substance of the 1st section of the act of February 25th, 1868.

[Cited in U. S. v. Three Tons of Coal [Case No. 16,515.]

[This was an action of debt to recover from the defendants, George Hughes and others, the value of certain importation of merchandise alleged to have been entered by them at

---

[1] [Reversed in Case No. 15,417.]

the custom house in New York City, on fraudulent invoices.]

Thomas Simons and R. W. Sherman, Asst. Dist. Attys., for plaintiffs.

Sherburne B. Eaton, for defendants.

BLATCHFORD, District Judge. The district attorney has offered in evidence certain original entries, contained in certain original books belonging to the defendants, for the purpose of proving the allegations contained in certain specified counts of the declaration. These books were taken from the possession of the defendants by virtue of a warrant of seizure issued under the 2d section of the act of March 2, 1867 (14 Stat. 547), providing for the seizure of books and papers in cases of complaint made of frauds on the revenue. The warrant and the papers connected with it are in evidence. The books in question were delivered up to the defendants on a stipulation made by them to produce them on this trial, which they have done. This is strictly a suit to recover penalties. It is objected by the defendants that the evidence to be furnished by the entries in the books in question is not competent for the reason that section 860 of the Revised Statutes of the United States which is a re-enactment in substance of the 1st section of the act of February 25th, 1868 (15 Stat. 37), makes such evidence incompetent. Section 860 is in these words: "No pleading of any party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him, or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture: provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

The question thus presented is an interesting and important one, and I am not aware that it has been passed upon by any court of the United States. My own recollection, and such examination as I have made in the brief time allowed to me, has not led me to any case on the subject. And certainly if the experienced counsel for the government, and the zealous and energetic counsel for the defendant in this action, have found no such case, it may be assumed that no such reported case can be found. In 1868 the United States brought a suit in personam against Stockwell [Case No. 16,406], in the district court of the United States, for the district of Maine, to recover as penalties double the value of certain shingles, and also unpaid duties on such shingles. The books and papers of the defendants had been seized under the provisions of the act of 1867, before referred to; and at the trial before the district judge some of the books and papers so seized were offered in evidence on the part of the United

States. Various objections were taken by the defendants to the competency as evidence of the books and papers, and it was contended by them that the district attorney could not put in evidence books and papers obtained and placed in his possession by force of the warrant of seizure. But although the suit was brought and tried after the act of February 25, 1868, was passed, no allusion to that act is found in the report of the case in the circuit court,—Stockwell v. U. S. [Id. 13,-466],—to which court it was taken by writ of error, by the defendants, after a verdict and judgment against them, and that act does not appear to have been urged by the defendants as an objection to the putting in evidence of the books and papers. The district judge overruled at the trial all the objections so taken, which included an objection that the act of 1867 was unconstitutional. The case on the writ of error was heard in the circuit court before Mr. Justice Clifford and Judge Shepley. Judge Clifford wrote an opinion which is the leading opinion on this subject, in which he considers all the objections so taken, and there is not in any part of his opinion any allusion to the act of 1868. One of the objections taken at the trial in the district court, and set forth in the bill of exceptions, and considered in the circuit court, was that the district attorney could not, against the objection of the defendants, put in evidence against them papers obtained and placed in his possession by force of the warrant,—an objection which, on the face of it, would seem to have been broad enough to admit the urging of the point that, by virtue of the provisions of the act of 1868, the district attorney was inhibited from putting in evidence in a suit against the defendants for penalties, books and papers obtained from them by force of such warrant of seizure, even though the bill of exceptions did not, on the face of it, contain any specific allusion to the act of 1868. But neither the attention of the district judge, nor the attention of the circuit judges, seems to have been called to this statute of 1868. Various inferences might be drawn from this circumstance by different minds, looking upon the subject from different points of view. One inference might be, that as it is to be presumed that the counsel for the defendants in that case knew of that statute, and as they made no point about it, and did not call the attention of the court to it, the reason was because they thought that the statute had no application to the case, and that as the judges must have had the statute in mind, and made no suggestion that it was applicable, they must have thought that it had no bearing on the case. On the other hand, counsel and judges sometimes overlook the existence of recent statutes. In that connection, it has been stated, on this trial, by the counsel for the defendants, that Judge Lowell, of the district of Massachusetts, is reported to have said, when the matter of the seizure of the books

and papers of Jordan, Marsh & Co. was before him,—In re Jordan [Case No. 7,512],— that such books and papers, if taken on a warrant of seizure, could not against their objection, be used as evidence against them in a suit to recover penalties from them. If the district judge in Maine, or the circuit judges, had in mind the existence of the statute of 1868, they may not have regarded it as their duty to refer to it, inasmuch as the counsel for the defendants did not call attention to it   However that may be, the statute was not, so far as the reports show, called to the attention of any of the courts in that case. The case went up from the circuit court to the supreme court of the United States, and in the latter court—[Stockwell v. U. S.] 13 Wall. [80 U. S.] 531—no question about the books and papers seems to have been urged or considered, and the case turned on other points entirely, and the judgment was affirmed. With the views of the circuit court, as expressed in the Case of Stockwell, in regard to the seizure of books and papers, I entirely concur, as I have stated in my decision in Re Platt [Case No. 11,212]. The principal questions as to the seizure of books and papers, involved in the Stockwell Case, were involved in the Platt and Boyd Case [supra]. One point involved in the Stockwell Case did not arise in the Platt and Boyd matter, but does arise in the present case. In the Stockwell Case it was objected that books and papers coming into the possession of the district judge, under a warrant of seizure, could not be put by him into the possession of the district attorney to be used as evidence on the trial. In regard to this objection Judge Clifford says: "The court is of a different opinion, as the very object of the search is to ascertain whether there are such papers deposited in the described place or premises, and, if so, that they may be seized and produced 'before the said judge.' Papers so seized are declared by the act of congress to be 'subject to the order of said judge,' but he must allow the examination of the same by the collector of customs, or by any officer duly authorized by the collector for that purpose. Invoices, books, or papers so seized may be retained by said judge as long as in his opinion the retention thereof is necessary; and the court is of the opinion that invoices, books or papers, so seized, like the implements of crime or stolen goods seized on search warrants may, in a proper case, be given in evidence against the offender and perpetrator of the fraud. Com. v. Dana, 2 Metc. [Mass.] 329. Suits in the name of the United States are instituted in the circuit and district courts by the district attorneys, and, while pending there, such suits are controlled by those officers, under the instructions of the attorney-general. They are the proper officers to institute proceedings to recover such penalties as those incurred in this case, and when such a suit is pending and comes on for trial the district attorney may well claim

the right to use all legal evidence at command, whether the same is in the archives of the government or on file in the court. Confiscation Cases, 7 Wall. [74 U. S.] 454." That is a well-considered opinion by a judge whose political views have always inclined him to respect most fully the rights of the citizen, and to adhere to a strict construction of the constitution; and, but for the provisions of section 860 of the Revised Statutes, there could be no doubt, in my judgment, that the entries in the books now offered in evidence would be competent testimony.

Simultaneously with the conferring of the power of seizing books and papers, in customs revenue cases, by the 7th section of the act of March 3, 1863 (12 Stat. 740), which was supplanted by the 2d section of the act of March 2, 1867, and which power was undoubtedly conferred, at first, in view of the necessity growing out of the war, for saving every dollar that could be saved in the collection of the customs revenue, there were also passed statutes in connection with the internal revenue, such as the 14th section of the act of June 30, 1864 (13 Stat. 226), as amended by the 9th section of the act of July 13, 1866 (14 Stat. 101), which introduced what were regarded by some persons as harsh and inquisitorial measures for obtaining possession of books and papers by the government with a view of obtaining from them evidence whereby to collect taxes. It had always been a principle of Anglo-Saxon jurisprudence, adopted in this country, that no man could be compelled to give testimony criminating himself or testimony that might subject him to a penalty or forfeiture; and, in the practical administration of that principle, it had always been held that if a party were asked, in the course of judicial proceedings, a question, or were asked to produce a book or paper, and should under oath say that the answer to the question, or the production of the book or paper, might tend to criminate him or subject him to a penalty or forfeiture, he could not be compelled to answer the question or to produce the evidence. Thus, between this principle and the principle of allowing the seizure or requiring the production of the books and papers, there was an apparent antagonism, which the government undertook to reconcile. It was necessary it should have revenue, and to do that it regarded it as necessary to obtain information from books and papers, both in customs and internal revenue matters. It therefore passed the act of February 25, 1868, under which it could compel a party to give the information required, while providing that no evidence obtained from him by means of any judicial proceeding should be used against him or his property in any criminal proceeding, or to enforce any penalty or forfeiture. It thus strengthened the hands of its officers, while it protected the citizen by giving him substantially the benefit of the principle referred to. Before, the party was

not obliged to give or produce the evidence. Now, he must do so, but it cannot afterwards be used against him, in any criminal proceeding or to enforce any penalty or forfeiture.

There have been several prosecutions in this court to recover penalties under the customs laws in which books and papers have been seized under a warrant and put in evidence on the trial, without the question having been raised by the defendants which is now presented; and not only so, but without the questions having been raised, which were raised in the Stockwell Case, under the act of 1867. From this fact some persons might infer that the counsel for the defence in those cases were of opinion that the act of 1868 did not apply. But that is rather a strained inference, because counsel may very well have advised their clients, or the clients may have preferred, not to take any objection under the act of 1868, and not to hesitate to exhibit all their books and papers, because having nothing to fear, and with the idea that any attempt at suppression or concealment would operate against them in the opinion of the mercantile community, if not in the particular case. From the fact that the counsel in any particular case, involving a question where the point might have been raised, did not raise it, the inference is not necessarily to be drawn that, as a purely legal question, they would not have regarded it as applicable. I do not mean, however, to be understood, by anything that I have said, that the raising of the question in this case is a matter which is not altogether proper to be done by the defendants, whatever the counsel in other cases may have chosen to do.

I cannot resist the conclusion that section 860 of the Revised Statutes applies to this case, and that the testimony offered is not admissible. I cannot conceive of any purpose or object for which such a statute could have been enacted except to effect what it says,—that is, that no evidence obtained from a party or witness by means of a judicial proceeding shall be given in evidence or in any manner used against him or his property or estate, in any court of the United States, for the enforcement of any penalty or forfeiture. The language is, obtained from a party "by means of a judicial proceeding." The issuing of a warrant under the 2nd section of the act of 1867, and the seizure of books and papers under it is a judicial proceeding. The judge issues the warrant, and issues it to the marshal, who produces the books and papers seized before the judge, and they are to remain subject to the order of the judge, and he is to allow them to be examined by the collector of customs, and the judge is to retain them as long as, in his opinion, the retention of them is necessary, and the warrant is to be returned as other warrants, to the district court. Any evidence obtained from a party by the seizure

of books and papers under such warrant is certainly obtained from him by means of a judicial proceeding. The present suit is one to enforce penalties against the parties from whom the evidence contained in the books and papers seized under the warrant was obtained, and such evidence is sought to be given in evidence and used against such parties. Therefore, the statute applies to this case. The evidence is obtained by the seizure of the books and papers. The statute cannot be limited in its operation to evidence obtained from the oral examination of the party. If he were sworn and examined as a witness, and in the course of such examination produced the books and papers, their contents would be evidence obtained from him by means of a judicial proceeding. And it can make no difference that instead of his producing the books and papers, in the course of giving sworn oral testimony, they are taken from him under process issued in a judicial proceeding.

Against these views, it is urged that congress had, in 1867, passed this act in respect to the seizure of books and papers, revising effectively and thoroughly the former act of 1863 on the subject, and that, if they had intended that the act of 1868 should have the effect of substantially doing away with the benefits and advantages of the act of 1867, they would have repealed the 2d section of the act of 1867, and that, not having done so, they must have believed that there was nothing in the act of 1868 which would interfere with the operation of the act of 1867. This view involves another proposition, that there will be no operation or scope for the 2d section of the act of 1867 if the act of 1868 is allowed to operate. But that seems to me not to be a sound proposition; and the language of the act of 1868, as also found in section 860 of the Revised Statutes, indicates, with great distinctness, the answer to that suggestion. Section 860 only says that the evidence obtained from a party by means of a judicial proceeding shall not be used against him for certain specified purposes. It may be used for all other purposes. There are many purposes for which the contents of books and papers taken from the possession of a party under the act of 1867 may be used. They may be used, for instance, to discover the mode in which frauds on the revenue are committed. Illustrations of this fact are quite familiar to those who know how, for the last few years, the government has, from the seizure of books and papers, obtained information as to the manner in which, in reference to certain classes of goods, frauds on the revenue were initiated and carried on in Europe, and has been enabled to abate such frauds through agents sent abroad for the purpose. So, too, books and papers seized may be used to obtain evidence for use in suits to recover duties from the party, and in suits against other persons. There is, therefore, a wide

field not covered by the restrictions contained in section 860.

It is further suggested that on the 22d of June, 1874, an act was passed (18 Stat. 186) which, while repealing the 2d section of the act of March 2, 1867, enacts, in its 5th section, a substitute, to a certain extent, for the seizure provided for by such 2d section, of the act of 1867, and gives, by that substitute, to the government, the benefit of the evidence contained in books and papers produced by a defendant under a compulsory process, in all suits and proceedings other than criminal, arising under the revenue laws, including suits for penalties and forfeitures. The 5th section of the act of 1874 is in these words: "In all suits and proceedings other than criminal, arising under any of the revenue laws of the United States, the attorney representing the government, whenever, in his belief, any business book, invoice or paper, belonging to or under the control of the defendant or claimant, will tend to prove any allegation made by the United States, may make a written motion, particularly describing such book, invoice or paper, and setting forth the allegation which he expects to prove; and thereupon the court in which such suit or proceeding is pending, may, at its discretion, issue a notice to the defendant or claimant to produce such book, invoice or paper in court, at a day and hour to be specified in said notice, which, together with a copy of said motion, shall be served formally on the defendant or claimant by the United States marshal, by delivering to him a certified copy thereof, or otherwise serving the same as original notices of suit in the same court are served; and if the defendant or claimant shall fail or refuse to produce such book, invoice or paper in obedience to such notice, the allegations stated in the said motion shall be taken as confessed, unless his failure or refusal to produce the same shall be explained to the satisfaction of the court. And, if produced, the said attorney shall be permitted, under the direction of the court, to make examination (at which examination the defendant or claimant, or his agent, may be present) of such entries in said book, invoice or paper, as relate to or tend to prove the allegation aforesaid, and may offer the same in evidence on behalf of the United States. But the owner of said books and papers, his agent or attorney, shall have, subject to the order of the court, the custody of them, except pending their examination in court as aforesaid." Hereupon, it is contended that in view of the provisions of this 5th section of the act of 1874 it is not to be supposed that congress could have intended that the provisions of the 1st section of the act of 1868 or of section 860 of the Revised Statutes should apply to evidence obtained by means of the seizure of books and papers under a warrant issued in pursuance of the provisions of the 2d section of the act of 1867. It is sufficient to say, in regard to this 5th section of the act of 1874,

that while it may, perhaps, be considered as sufficiently broad in its scope to allow such books and papers as may be produced by virtue of proceedings taken under it, to be given in evidence in suits for penalties, and as thus abrogating, in respect to suits for penalties, the provisions of the act of 1868, and of section 860 of the Revised Statutes, in respect to evidence contained in books and papers produced under the 5th section of the act of 1874, yet, on the other hand, the general scope of such 5th section is much more limited than the general scope of the 2d section of the act of 1867. The seizure under the act of 1867 was a seizure without the pendency of any proceeding or suit, and, naturally, with the purpose and intent that the government should use the information it should procure by means of an examination of the books and papers seized, to bring suits; whereas, the 5th section of the act of 1874 requires that a suit or proceeding shall have been brought, and shall be pending. Under the latter act, the attorney representing the government is to make the written motion to the court in the suit, describing the allegation which he expects to prove. Therefore it is not a sound suggestion that the construction of the act of 1868, and of section 860 of the Revised Statutes, must be controlled by the fact that evidence obtained under the proceedings taken by virtue of the 5th section of the act of 1874 may, perhaps, be used in a suit for a penalty or forfeiture.

A suggestion had occurred to me which has not been adverted to by counsel; and I allude to it only for the purpose of saying that, on an examination of it, it does not seem to me to be a suggestion that has force in it. I mention it only that it may be understood that it has occurred to me. It is, that as the 1st section of the act of 1874 repeals the 2d section of the act of 1867, therefore, everything that was done under such 2d section fell with such repeal, and consequently that all right to put in evidence books and papers seized under authority of such 2d section fell with such repeal. But the answer to that suggestion, is this, that it always has been held that where papers are offered in evidence the court can take no notice how they were obtained, whether lawfully or unlawfully, nor will the court form a collateral issue to determine that question. Com. v. Dana, 2 Metc. [Mass.] 329; U. S. v. La Jeune Eugenie [Case No. 15,551]; 1 Greenl. Ev. § 231; Stockwell v. U. S. [Case No. 13,466]. So that, if these papers and books, being in possession of the government, were offered in evidence, the general principles of law would authorize a decision that they could be used in evidence no matter how they were obtained, but for the provisions of the act of 1868, as reenacted in section 860 of the Revised Statutes. They could be used in evidence in a suit to collect duties, and could be so used notwithstanding the repeal of the 2d section of the act of 1867. Therefore, the view that is main-

tained on the part of the defendants in this case, receives no additional support from the fact that the 2d section of the act of 1867 has been repealed. I must therefore exclude these books and papers seized by virtue of the warrant, because, in the language of the act of 1868, and of section 860 of the Revised Statutes, they are evidence obtained from the defendants by means of a judicial proceeding, and this is a suit against them for the enforcement of penalties.

[NOTE. The United States moved that the defendants be notified to produce certain books and papers. The court granted the motion. Case No. 15,416. Subsequently a verdict was rendered by direction of the court for defendants. This judgment was reversed by the circuit court in error. Id. 15,417.]